IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BENNY CHARLES COX and<br>BONNIE COX,<br><br>                    Plaintiffs,<br><br>vs.<br><br>LARRY D. TAYLOR, MARTIN<br>WEAVER, and RENDA WEAVER,<br><br>                    Defendants. | )<br>)<br>)<br>)<br>)<br>) Case Number CIV-07-566-C<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION

Plaintiff Bennie Cox was injured when his vehicle was struck by a vehicle driven by Defendant Taylor and owned by the Weaver Defendants. Plaintiffs sued Taylor asserting he was negligent and sued the Weavers contending they were responsible for Taylor's actions under theories of agency or respondeat superior. The Weavers filed the present motion arguing when the undisputed facts are examined, Plaintiffs have failed to produce evidence sufficient to establish Taylor was their agent or employee.

## STANDARD OF REVIEW

Summary judgment is appropriate if the pleadings and affidavits show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "[A] motion for summary judgment should be granted only when the moving party has established the absence of any genuine issue as to a material fact." Mustang Fuel Corp. v. Youngstown Sheet & Tube Co., 561 F.2d 202, 204 (10th Cir. 1977). The movant bears the initial burden of demonstrating the absence of material fact

requiring judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A fact is material if it is essential to the proper disposition of the claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). If the movant carries this initial burden, the nonmovant must then set forth "specific facts" outside the pleadings and admissible into evidence which would convince a rational trier of fact to find for the nonmovant. Fed. R. Civ. P. 56(e). These specific facts may be shown "by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." Celotex, 477 U.S. at 324. Such evidentiary materials include affidavits, deposition transcripts, or specific exhibits. Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir. 1992). "The burden is not an onerous one for the nonmoving party in each case, but does not at any point shift from the nonmovant to the district court." Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 672 (10th Cir. 1998). All facts and reasonable inferences therefrom are construed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Of particular importance in this case is subparagraph (e)(1) to Rule 56. In pertinent part that portion of the rule states: "A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated."

      The material facts are undisputed; the real issue is whether those facts can, as a matter of law, impose liability on the Weavers for Taylor's actions. At the time of the collision, Plaintiff Benny Cox was in a construction vehicle which was parked on the side of I-35. Although the reasons are in dispute, it is undisputed that the vehicle Taylor was driving

struck Mr. Cox's stationary construction vehicle significantly injuring Mr. Cox. The vehicle Taylor was driving was owned by the Weavers. Taylor and Mr. Weaver were returning to Kansas from performing construction work in Louisiana as part of the clean-up after Hurricane Katrina. Taylor had agreed to drive the Weaver vehicle back to Kansas as an accommodation to the Weavers. Thus, the question is whether Taylor's action is sufficient for a reasonable jury to find he was acting as an agent or employee of the Weavers.

The Oklahoma Supreme Court has made clear that whether or not a relationship creates an agency is generally a question of fact. See N.H. v. Presbyterian Church (U.S.A.), 1999 OK 88, ¶ 12, 998 P.2d 592, 598 ("Agency is generally a question of fact determined by the trier of fact.") (footnote omitted). In reaching that decision the trier of fact will use Oklahoma's definition of agency found in Oklahoma's uniform jury instructions:

> The relationship of agency is created from the conduct [and/or] agreement of the parties showing that one is willing for the other to act for [him/her] subject to [his/her] control and that the other consents to so act. An agency relationship may arise under such circumstances even when the parties may not have intended to create one. The person who acts for another is called the agent and the other is called the principal.

Instruction No. 6.2, Oklahoma Uniform Jury Instructions - Civil (2d ed. 2002).

. Applying this definition to the facts material in this case, a reasonable jury could find that Taylor was acting as the agent of the Weavers. There is sufficient evidence from which the jury could find that at the time of the collision, Taylor was acting for the Weavers, following the route instructed by Mr. Weaver, and Mr. Weaver was paying for the fuel in the vehicle Taylor was driving. Thus, Taylor was willing to act for Weaver and Weaver consented to

that act. Further, the jury could find that because the damages suffered by Plaintiff arose as a direct result of the agreement between Taylor and the Weavers, the Weavers are responsible for those damages. See Instruction No. 7.5, Oklahoma Uniform Jury Instructions - Civil (2d ed. 2002):

> If you find that [name of agent or employee] [was the agent of [name of principal or employer]] [and] [was acting within the scope of [his/her] authority] at the time of the occurrence, and if you find [name of agent or employee] is liable, then both are liable. If you find that [name of agent or employee] is not liable, then neither is liable.
> If you find [name of agent or employee] is liable, but [was not an agent of [name of principal or employer]] [or] [was not acting within the scope of [his/her] authority as an agent of [name of principal or employer]] at the time of the occurrence, then [name of principal or employer] is not liable.

Finally, the Court finds unpersuasive the Weavers' reliance on Gilbert v. Walker, 1960 OK 218, 356 P.2d 346. Indeed the very portion of that case emphasized by the Weavers highlights its distinction from this case. As cited by the Weavers, Gilbert states:

> In no case involving either a pleasure, or a business, or commercial, motor vehicle has this court ever held that the car driver's negligence can be imputed to the defendant *merely upon proof of his ownership of the car and his consent to its use, and without any evidence of a relationship between him and the driver, or with the auto's use, that would justify regarding the two as principal and agent.*

Id. at ¶ 6, 349 (emphasis added). Here, of course, there is evidence of a relationship between Taylor and the Weavers from which a reasonable jury could find the existence of an agency relationship.

For the reasons set forth herein, Defendants Martin Weaver and Renda Weaver's Motion for Summary Judgment (Dkt. No. 30) is DENIED.

IT IS SO ORDERED this 30th day of May, 2008.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge